STATE OF NORTH CAROLINA v. MICHAEL RAY SKEELS

No. 498A95

(Filed 9 May 1997)

**1. Kidnapping and Felonious Restraint § 16 (NCI4th)— kidnapping—confinement, restraint, removal of victim— insufficiency of evidence**

The trial court erred in a prosecution for armed robbery, kidnapping, and first-degree murder by not dismissing the kidnapping charge where the evidence was not sufficient to show that defendant unlawfully confined, restrained, or removed the victim from one place to another without his consent. There was no evidence regarding the circumstances under which the defendant entered the victim's truck or under what circumstances the victim drove to the area where he was killed. N.C.G.S. § 14-39.

**Am Jur 2d, Abduction and Kidnapping § 49.**

STATE v. SKEELS

[346 N.C. 147 (1997)]

**2. Appeal and Error § 506 (NCI4th)— first-degree murder— instruction on involuntary manslaughter not given—conviction for premeditated murder—no prejudice**

There was no plain error in a first-degree murder prosecution in the refusal to give an instruction on involuntary manslaughter where defendant argued that his admissions through his attorneys prior to the start of trial clearly supported the lesser included offense because they raised the issue of diminished capacity. The trial court instructed the jury that it could consider verdicts of guilty of first-degree murder, guilty of second-degree murder, and not guilty, and any error in not instructing on involuntary manslaughter would be harmless in light of the jury's verdict of guilty of first-degree murder based on premeditation and deliberation.

**Am Jur 2d, Appellate Review § 743.**

**3. Homicide § 727 (NCI4th)— first-degree murder—armed robbery—guilty verdicts—murder by premeditation and deliberation but not felony murder—not inconsistent**

There was no error in a prosecution for armed robbery, kidnapping, and first-degree murder where defendant contended that judgment should have been arrested on the armed robbery conviction because the jury found him guilty of murder by premeditation and deliberation but not by felony murder. The verdicts in this case were not necessarily inconsistent (assuming they must be consistent) because the jury could have found that the robbery was completed before the murder occurred.

**Am Jur 2d, Homicide §§ 549 et seq.**

**4. Robbery § 70 (NCI4th)— armed robbery—evidence sufficient**

The trial court did not err by not dismissing an armed robbery charge where a witness saw a man wearing gauze around his head and a blue cap driving the victim's truck in the vicinity of a bank; the testimony of several witnesses established that defendant was outside the bank with his head wrapped in gauze and wearing a blue cap, which the victim's wife said was like the hat that the victim kept in his truck; the victim's truck was located near the bank; contents of a bag found inside the truck included a box of stretch sterile gauze, envelopes, and a pad of paper, all

STATE v. SKEELS

[346 N.C. 147 (1997)]

of which linked defendant to the truck; various witnesses' testimony established that defendant possessed the pistol used to kill the victim when he was arrested; and considerable circumstantial evidence raised a reasonable inference that the victim did not consent to the defendant's driving of his truck to the area of the bank.

**Am Jur 2d, Robbery §§ 62 et seq.**

5. **Criminal Law § 429 (NCI4th Rev.)— prosecutor's argument—defendant's failure to present evidence—no error**

The trial court did not err in a prosecution for armed robbery, kidnapping, and first-degree murder by overruling objections to comments made by the prosecutor during closing arguments where defendant claims that the prosecutor impliedly commented on his failure to testify, but the prosecutor merely commented on the defendant's failure to present any evidence in his defense. None of the language used was intended to be or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.

**Am Jur 2d, Trial § 605.**

6. **Criminal Law § 660 (NCI4th Rev.)— attempted armed robbery—motion to dismiss—no ruling before trial**

The trial court did not abuse its discretion in refusing to dismiss a charge of attempted armed robbery before trial where the court heard defendant's rendition of the facts as well as the State's and declined to rule on the motion before the evidence was presented at trial. Furthermore, the evidence of the attempted armed robbery of the bank was admissible for the purpose of linking the defendant with the murder, kidnapping, and armed robbery offenses.

**Am Jur 2d, Trial §§ 1059, 1068.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a sentence of life imprisonment entered by Ragan, J., at the 19 June 1995 Criminal Session of Superior Court, Craven County, upon a jury verdict of guilty of first-degree murder based on premeditation and deliberation. The defendant's motion to bypass the Court of Appeals as to additional judgments was allowed 21 May 1996. Heard in the Supreme Court 17 October 1996.

The defendant was indicted for attempted armed robbery, robbery with a dangerous weapon, first-degree kidnapping, and first-degree murder. He was tried capitally to a jury. The State's evidence tended to show that on 4 March 1994, the defendant shot the victim in the head, neck, and back and stole his pickup truck. The body of the victim, sixty-year-old Elbert Roosevelt Stokes, was found six days later in an area off of Highway 70. The defendant was arrested the afternoon of 4 March when he was observed sitting with his head wrapped in gauze across the street from First Citizens' Bank in New Bern. He had a .25-caliber pistol with him, and a note indicating his intent to rob the bank was in an envelope by his side. He was also wearing a cap and jacket that may have belonged to the victim. Earlier that day, a witness saw a man with his head wrapped in gauze driving the victim's truck. The truck was located with keys in its ignition in a mall parking lot near the bank.

The jury returned a verdict of guilty of first-degree murder under the theory of premeditation and deliberation, guilty of second-degree kidnapping, and guilty of armed robbery. After a capital sentencing proceeding, the jury recommended a sentence of life imprisonment, and such sentence was imposed. The defendant was also sentenced to a consecutive term of forty years' imprisonment for the armed robbery conviction and another consecutive term of thirty years' imprisonment for the second-degree kidnapping conviction.

The defendant appealed.

*Michael F. Easley, Attorney General, by Edwin W. Welch, Associate Attorney General, for the State.*

*Rudolph A. Ashton, III, and Scott C. Hart for the defendant-appellant.*

WEBB, Justice.

[1] In his first assignment of error, the defendant contends that the trial court erred in denying the defendant's motion to dismiss the kidnapping charge. We believe this assignment of error has merit.

N.C.G.S. § 14-39 provides, in pertinent part:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty

of kidnapping if such confinement, restraint or removal is for the purpose of:

. . . .

    (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony

    . . . .

The evidence in this case is not sufficient to show that the defendant unlawfully confined, restrained, or removed the victim from one place to another without his consent. There was no evidence regarding the circumstances under which the defendant entered the victim's truck or under what circumstances the victim drove to the area where he was killed. Without such evidence, it was error to submit to the jury kidnapping as a possible verdict. *See State v. Jackson*, 309 N.C. 26, 305 S.E.2d 703 (1983). We arrest judgment on the charge of kidnapping.

[2] In his next assignment of error, the defendant contends that the trial court committed plain error by refusing to give an instruction on involuntary manslaughter. The defendant argues that his admissions through his attorneys prior to the start of trial clearly supported a lesser included offense of involuntary manslaughter because the admissions raised the issue of diminished capacity.

In this case, the trial court instructed the jury that it could consider verdicts of guilty of first-degree murder, guilty of second-degree murder, and not guilty. Any error committed by the trial court in failing to instruct on involuntary manslaughter would be harmless in light of the jury's verdict of guilty of first-degree murder based on premeditation and deliberation. *State v. Jones*, 339 N.C. 114, 148-49, 451 S.E.2d 826, 844-45 (1994), *cert. denied*, —— U.S.——, 132 L. Ed. 2d 873 (1995).

This assignment of error is overruled.

[3] The defendant next contends it was error not to arrest judgment on the armed robbery conviction. He bases this argument on the jury verdict which found him guilty of murder by premeditation and deliberation but did not find him guilty of felony murder. The jury nevertheless found the defendant guilty of armed robbery. The defendant says these two verdicts are inconsistent.

Assuming the verdicts must be consistent, we do not believe they were necessarily inconsistent in this case. The jury could have found

that the robbery was completed before the murder occurred, in which case the defendant would not be guilty of felony murder but would be guilty of murder based on premeditation and deliberation.

This assignment of error is overruled.

**[4]** The defendant next assigns error to the trial court's failure to dismiss the armed robbery charge. The defendant contends there was insufficient evidence that he took the victim's truck and that he took it from the victim by force and without the victim's consent. *State v. Bates*, 309 N.C. 528, 308 S.E.2d 258 (1983). We disagree.

There was substantial circumstantial evidence of armed robbery in this case. The State's evidence tended to show that on 4 March, a witness saw a man wearing gauze around his head and a blue cap driving the victim's truck in the vicinity of the bank. The testimony of several witnesses established that shortly after 3:00 p.m. on 4 March, the defendant was outside the bank with his head wrapped in gauze and wearing a blue cap, which the victim's wife said was like the hat that the victim kept in his truck. In addition, the victim's truck was located parked near the bank at 4:00 p.m. that day. Contents of a bag found inside the truck included a box of stretch sterile gauze, envelopes, and a pad of paper, all of which linked the defendant to the truck. Furthermore, various witnesses' testimony established that when the defendant was arrested, he possessed the pistol used to kill the victim. Finally, considerable circumstantial evidence raised a reasonable inference that the victim did not consent to the defendant's driving his truck to the area of the bank. We conclude that this evidence was sufficient to raise the inference that an armed robbery was committed and that the defendant was the perpetrator.

This assignment of error is overruled.

**[5]** In his next assignment of error, the defendant contends that the trial court erred on three occasions by overruling objections to comments made by the prosecutor during closing arguments and by failing to give a curative instruction. The defendant claims that the prosecutor "impliedly commented" on his failure to testify, in violation of his right against self-incrimination. *Griffin v. California*, 380 U.S. 609, 14 L. Ed. 2d 106 (1965).

The defendant's objections to the following statements were overruled:

**STATE v. SKEELS**

[346 N.C. 147 (1997)]

Do y'all know anything about his educational background? Has he ever been to school? Does he know how to read and write? Did they put up any witnesses about that?

. . . .

. . . Did any witness, period, in this case, ever provide you with any testimony or evidence that this defendant suffered from any mental or emotional disturbance? No. If that evidence existed, don't you think you would have heard it?

. . . .

When these lawyers stand up here and argue to you about diminished capacity in this case . . . let them tell you what evidence they presented or elicited in any form.

While a prosecutor may not comment on the failure of the accused to testify, he may "comment on a defendant's failure to produce witnesses or exculpatory evidence to contradict or refute evidence presented by the State." *State v. Reid*, 334 N.C. 551, 555, 434 S.E.2d 193, 196 (1993). We conclude that none of the language used was intended to be or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. *United States v. Anderson*, 481 F.2d 685, 701 (4th Cir. 1973), *aff'd*, 417 U.S. 211, 41 L. Ed. 2d 20 (1974). The prosecutor merely commented on the defendant's failure to present any evidence in his defense. As such, the prosecutor's comments were proper, and no curative instruction was required.

This assignment of error is overruled.

[6] In his last assignment of error, the defendant contends that the trial court abused its discretion by refusing to dismiss the charge of attempted armed robbery of the bank before trial. The defendant argues that although the charge was ultimately dismissed, the trial court's failure to rule on the motion prior to the presentation of evidence prejudiced him.

Whether to hear and rule on a motion before or during trial is within the discretion of the trial court. N.C.G.S. § 15A-952(f) (Supp. 1996). The defendant in this case has failed to show that the court abused its discretion by declining to rule on the motion before all of the evidence was presented at trial. A review of the record reveals that before trial, the trial court heard the defendant's rendition of the facts as well as the State's. After consideration of both, the court

declined to rule on the motion before the evidence was presented at trial. The defendant cannot show any abuse of discretion in this regard. Furthermore, the defendant cannot show prejudice because the evidence of attempted armed robbery of the bank was admissible for the purpose of linking the defendant with the murder, kidnapping, and armed robbery offenses.

This assignment of error is overruled.

No. 94CRS2864, SECOND-DEGREE KIDNAPPING: JUDGMENT ARRESTED;

No. 94CRS2865, FIRST-DEGREE MURDER: NO ERROR;

No. 94CRS2863, ROBBERY WITH A DANGEROUS WEAPON: NO ERROR.