STATE v. HOWELL

[166 N.C. App. 751 (2004)]

━━━━━━━━━━

STATE OF NORTH CAROLINA v. ROGER DALE HOWELL, DEFENDANT

No. COA03-1570

(Filed 2 November 2004)

**Bail and Pretrial Release— probationary sentence—appeal— conditions of release**

The superior court could set conditions of release pending defendant's appeal pursuant to N.C.G.S. § 15A-536 where defendant's sentence from his conviction had been stayed pending appeal and he is not in custody. The language of the statute that defendant may be ordered "released" upon conditions means to set or make free from the supervision and control of the court as well as from imprisonment.

Appeal by defendant from order entered 27 June 2003 by Judge Timothy L. Patti in the Superior Court in Gaston County. Heard in the Court of Appeals 1 September 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

*Leslie C. Rawls, for defendant-appellant.*

HUDSON, Judge.

On 25 November 2002, a jury convicted defendant on forty-three counts of third-degree sexual exploitation of a minor. The superior court sentenced defendant to probation on 3 January 2003 and defendant appealed. While the appeal was ongoing, the State filed a Motion to Review Conditions of Release on 25 June 2003. On 27 June 2003, the trial court held a hearing and entered an order setting conditions of release pending appeal. Defendant appeals the release order, and for the reasons below, we affirm.

In June 2000, police seized defendant's computer pursuant to a search warrant and the SBI found nude or pornographic visual depictions of children on the hard drive. A grand jury indicted defendant on 7 August 2000 of multiple counts of sexual exploitation of a minor. On 10 August 2000, the superior court entered an order setting pretrial release conditions, including *inter alia*, that defendant not use or possess a computer pending trial.

After the jury found defendant guilty of forty-three counts of third-degree sexual exploitation of a minor, the superior court sentenced defendant on 3 January 2003. The court sentenced defendant to suspended terms of imprisonment and placed him on supervised probation for sixty months. Among the conditions of probation, the court required that defendant not possess a computer. Defendant appealed and because his sentence was probationary, it was stayed on appeal, pursuant to N.C. Gen. Stat. § 15A-1451 (a) (4) (2002).

During defendant's appeal, the State received information that defendant possessed a computer, whereupon officers executed a search pursuant to a warrant on 13 June 2003, and found a computer in defendant's residence. On 25 June 2003, the State filed a Motion to Review Conditions of Release, asking the court to determine if defendant had violated his conditions of release, or if none had been set, to determine and set such conditions. On 27 June 2003, the court conducted a hearing to set post-conviction release conditions pend-

ing appeal, rather than as a review of any existing conditions. The court imposed a new bond and set conditions, including the condition that defendant not possess a computer or reside in or visit any home where a computer was present.

Defendant contends that the trial court lacked authority to impose conditions of release pending his appeal. He contends that the superior court may not set conditions of release pending appeal where a defendant's probationary sentence from his conviction at trial has been stayed pending appeal and he is not in custody. We do not agree.

At the hearing on the Motion to Review Conditions, the court set conditions pursuant to N.C. Gen. Stat. § 15A-536 (2002), entitled "[r]elease after conviction in the superior court." In pertinent part, this statute provides that: "A defendant whose guilt has been established in the superior court and is either awaiting sentence or has filed an appeal from the judgment entered may be ordered released upon conditions in accordance with the provisions of this Article." N.C.G.S. § 15A-536 (a). Defendant argues that, applying its plain meaning, "release" refers only to release from incarceration and that this statute may only apply to a defendant in custody, or facing custody. Here, it is undisputed that defendant was not in custody and that his probation was stayed pending appeal.

Defendant correctly asserts that this Court must look first to the plain language of the statute to determine its meaning. *State v. Bates*, 348 N.C. 29, 34, 497 S.E.2d 276, 279 (1998). "Release" is not defined in the North Carolina statutes and defendant suggests that the Court should adopt the common usage meaning: "to set or make free." Defendant argues that, post-conviction, he cannot be set free unless he has first been incarcerated or subject to incarceration. Defendant cites no cases adopting his interpretation and we disagree.

We conclude that the plain language of N.C.G.S. § 15A-536 indicates that "release" means "to set or make free" from the supervision and control of the court, as well as from imprisonment. It is well-settled that the intent of the legislature controls statutory construction. *State v. Green*, 348 N.C. 588, 596, 502 S.E.2d 819, 824 (1998), *cert denied* 525 U.S. 1111, 142 L. Ed. 2d 783 (1999). Here, we believe that the statute itself reveals the legislative intent to "reasonably assure the presence of the defendant when required and provide adequate protection to persons and the community." N.C.G.S. § 15A-536 (b). Defendant's proposed reading is inconsistent with this intent.

STATE v. HOWELL

[166 N.C. App. 751 (2004)]

After we consider the plain language of the statute, we may look at other indications of legislative intent, including "statutes *in pari materia*" (relating to the same subject matter). *In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 389 (citing *State v. Partlow*, 91 N.C. 550 (1884)). The court is authorized to set conditions pre-trial, including restrictions on travel, associations, conduct, or place of abode. N.C.G.S. § 15A-534 (a) (2002). The court's authority is not limited to persons arrested for crimes for which imprisonment may be imposed. The provision at issue here, N.C.G.S. § 15A-536, parallels and incorporates the provisions of § 15A-534, and specifically allows the court to extend through the appeal any safeguards originally implemented under § 15A-534. We do not believe the legislature would have authorized the court to set pre-trial release conditions, before conviction, but not to set conditions after conviction. This interpretation, as the State points out, is illogical.

Additionally, the term "release" is used in at least one other statute in the same article to mean release other than from imprisonment. For example, when a grand jury returns a bill of indictment as not a true bill, the court must order "release from custody, exoneration, or *release from the conditions of pretrial release*, as the case may be." N.C.G.S. § 15A-629 (emphasis added).

Although a criminal statute must be strictly construed, "the courts must nevertheless construe it with regard to the evil which it is intended to suppress." *In re Banks*, 295 N.C. at 239, 244 S.E.2d at 388 (internal citations omitted). Here, the legislature intended to address possible flight by the defendant and/or danger to the community. Strict construction of criminal statutes does not require a reviewing court to "override common sense and evident statutory purpose" or to give a statute its " 'narrowest meaning.' " *United States v. Brown*, 333 U.S. 18, 25-26, 92 L. Ed. 442, 448 (1948). Where possible, "the language of a statute will be interpreted so as to avoid an absurd consequence. . . ." *Hobbs v. Moore County*, 267 N.C. 665, 671, 149 S.E. 2d 1, 5 (1966). We conclude that to apply N.C.G.S. § 15A-536 only where the defendant is in or facing custody would lead to the absurd result that the court would have no oversight over defendants with probationary sentences on appeal. We reject this argument.

Affirmed.

Judges TYSON and GEER concur.