STATE OF NORTH CAROLINA v. DENNIS POPE

No. COA10-932

(Filed 19 July 2011)

## 1. Larceny— felonious larceny by employee—defendant not selectively prosecuted—dismissal erroneous

The trial court erred in a felonious larceny by employee case by dismissing the charges against defendant on the grounds that defendant was selectively prosecuted. The other employees who were not charged were not similarly situated to defendant, nor did they perform the same acts. Moreover, defendant failed to demonstrate that his prosecution, as opposed to the initial investigation by local officials, was politically motivated.

## 2. Larceny— felonious larceny by employee—entrapment-by-estoppel—dismissal erroneous

The trial court erred in a felonious larceny by employee case by dismissing the charges based on the theory of entrapment-by-estoppel. Defendant failed to offer evidence showing that he reasonably relied on explicit assurances by government officials of the legality of his actions.

Appeal by State from order entered 28 May 2010 by Judge Franklin F. Lanier in Harnett County Superior Court. Heard in the Court of Appeals 12 January 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Amy Kunstling Irene, for the State.*

*Ryan McKaig and Lee Tart Malone, for defendant-appellee.*

STEELMAN, Judge.

Where a defendant did not demonstrate that he was singled out for prosecution, and has not demonstrated that his prosecution was improperly motivated, the trial court erred in dismissing the charges against him due to selective prosecution. Where a defendant has not adequately demonstrated that the government explicitly informed him that an illegal act was legal, the trial court erred in concluding that the government was estopped from prosecuting him.

STATE v. POPE

[213 N.C. App. 413 (2011)]

## I. Factual and Procedural Background

Dennis Wayne Pope ("defendant") was the Public Works Director for the Town of Coats. Public Works employees collected the town's metal scrap, or "white goods." These "white goods" included old appliances, which would be left alongside the road by town residents. Public Works employees would transport these goods to a vacant, unsecured lot. They would later sell them for cash, and submit the money to defendant. Previously, it had been the custom for defendant to submit these monies to a town official, such as the Town Manager or Town Clerk, who would put them into a fund to pay for various town functions, such as employee cookouts. Over time, defendant assumed more personal control over these funds.

In 2009, defendant instructed three employees to collect "white goods" and sell them. No receipts could be found indicating that any money had been remitted to the town that year.

Coats Police Chief Eddie Jaggers ("Jaggers") conducted an investigation into these transactions. Due to concerns regarding the political overtones of the investigation, Jaggers contacted the North Carolina State Bureau of Investigations ("SBI"), which assigned Special Agent Justin Heinrich ("Heinrich") to the case. Jaggers was concerned that the animosity between defendant, who had supported another mayoral candidate, and Mayor Marshall Miller, might influence a local investigation. Heinrich investigated the Department of Public Works, leading to defendant's indictment for four counts of felonious larceny by employee.

On 12 March 2010, defendant filed a motion styled as "Motion for Relief from Selective Prosecution," seeking dismissal of the charges. This motion alleged that there were three other employees of the Town of Coats who had also personally profited from the sale of "white goods" collected pursuant to their employment by the town. These employees had not been criminally charged. The motion also insinuated that the prosecution of defendant was politically motivated. On 28 May 2010, the trial court granted defendant's motion and dismissed the charges, with prejudice.

The State appeals.

## II. Grounds for Appellate Review

If a judgment or decision dismisses criminal charges, the State may appeal unless the rule against double jeopardy bars further pros-

ecution. N.C. Gen. Stat. § 15A-1445(a)(1) (2010). In a criminal trial, jeopardy "does not attach until 'a competent jury has been empaneled and sworn.'" *State v. Newman*, 186 N.C. App. 382, 386, 651 S.E.2d 584, 587 (2007), *disc. rev. denied*, 362 N.C. 478, 667 S.E.2d 234 (2008) (quoting *State v. Priddy*, 115 N.C. App. 547, 550, 445 S.E.2d 610, 613 (1994), *disc. rev. denied*, 337 N.C. 805, 449 S.E.2d 751 (1994).

Since a jury had not yet been empaneled and sworn at the time of the pre-trial hearing, appellate review is not barred by double jeopardy in the instant case.

### III. Standard of Review

When reviewing a trial court's findings of fact, we are "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)). By contrast, conclusions of law "drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *Id.* at 632, 669 S.E.2d at 294 (quoting *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004)).

### IV. Selective Prosecution

[1] In its first argument, the State claims that the trial court erred in dismissing the charges on the grounds that the defendant was selectively prosecuted. We agree.

The United States Supreme Court has stated that "[t]hough the law itself be fair on its face . . . if it is applied and administered by public authority with . . . an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of justice is still within the prohibition of the Constitution." *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74, 30 L. Ed. 220, 227 (1886).

In North Carolina, enforcement of a law is unconstitutional "when the selective enforcement is designed to discriminate against the persons prosecuted." *State v. Howard*, 78 N.C. App. 262, 266, 337 S.E.2d 598, 601 (1985), *appeal dismissed and disc. rev. denied*, 316 N.C. 198, 341 S.E.2d 581-82 (1986) (citations omitted). When a defendant alleges that he has been selectively prosecuted, the defendant

must establish discrimination by a "clear preponderance of proof." *Id*. If he sustains this burden, he is entitled to dismissal. *Id*.

To demonstrate selective prosecution, the defendant must show two things; first, he must "make a *prima facie* showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not;" second, after doing so, he must "demonstrate that the discriminatory selection for prosecution was invidious and done in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *Id*. at 266-67, 337 S.E.2d at 601-02 (citing *State v. Rogers*, 68 N.C. App. 358, 367, 315 S.E.2d 492, 500 (1984)).

At the pre-trial hearing, defendant argued that, because others similarly situated who had engaged in similar conduct had not been charged, he was being singled out for political reasons. He alleged that these other employees of the Town of Coats, who worked under defendant as Public Works Director and engaged in this conduct upon his direction, were not criminally charged. The trial court agreed.

However, the other employees who were not charged were not similarly situated to defendant, nor did they perform the same acts. Defendant had been the Public Works Director since 2004. The other three employees who were not charged were Public Works employees working under the supervision of defendant. None of these employees were in a position to oversee wholesale theft from the Town of Coats. It was the defendant alone who received the money from the sales of "white goods," divided those monies up, failed to remit the monies to the town, kept a portion for himself and distributed the remainder to other employees. The trial court's conclusion of law that others who were similarly situated were not charged was in error.

Even assuming, *arguendo*, that defendant successfully demonstrated selective prosecution, he also had the burden of showing that he was prosecuted in bad faith based upon impermissible considerations. Defendant asserts that he was prosecuted for political reasons.

In analyzing this element, it is important to distinguish between an investigation and a prosecution. While the initial investigation into defendant's activities may or may not have been politically motivated, Jaggers subsequently brought in the SBI, which was divorced from any local political considerations. It was the SBI's investigation which resulted in defendant being charged.

.

Ultimately, the District Attorney prosecutes criminal cases on behalf of the State of North Carolina. N.C. Gen. Stat. § 7A-61. The District Attorney is not an agent of the local government, such as the Town of Coats. Once the investigation of this case was turned over to the SBI and the District Attorney, it was no longer subject to the control of the local governmental entity.

Defendant asserts his prosecution resulted from his support for certain political candidates in the Town of Coats. However, defendant failed to demonstrate that his prosecution, as opposed to the initial investigation by local officials, was politically motivated. Defendant was required to show improper motivation by a "clear preponderance of proof." *Howard*, 78 N.C. App. at 266, 337 S.E.2d at 601. He failed to meet this burden. The trial court erred in finding the prosecution to be politically motivated, and in concluding that defendant was the victim of selective prosecution.

## V. Entrapment-by-Estoppel

**[2]** In its second argument, the State argues that the trial court erred in dismissing the charges based on the theory of entrapment-by-estoppel. We agree.

"A criminal defendant may assert an entrapment-by-estoppel defense when the government affirmatively assures him that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based upon the conduct ensues." *United States v. Aquino-Chacon*, 109 F.3d 936, 938-39 (4th Cir. 1997), *cert. denied* 522 U.S. 931, 139 L. Ed. 2d 260 (1997) (citing *Raley v. Ohio*, 360 U.S. 423, 438-39, 3 L. Ed. 2d 1344, 1355-56 (1959)). "In order to assert an entrapment-by-estoppel defense, [the defendant] must do more than merely show that the government made 'vague or even contradictory' statements. Rather, he must demonstrate that there was 'active misleading' in the sense that the government actually told him that the proscribed conduct was permissible." *Aquino-Chacon*, 109 F.3d at 939 (citing *Raley*, 360 U.S. at 438-39, 3 L. Ed. 2d at 1355-56).

We first note that the theory of entrapment-by-estoppel is not to be found in defendant's "Motion for Relief from Selective Prosecution," nor was it raised during the hearing before the trial judge. While defense counsel did argue that the "white goods," once placed in the abandoned lot where they were stored, had been abandoned by the town, this assertion did not suffice to raise an issue of entrapment-by-estoppel before the trial court.

**STATE v. POPE**

[213 N.C. App. 413 (2011)]

It appears that the trial court raised the matter of the entrapment-by-estoppel defense *ex mero motu* in its order. This issue is discussed in Findings of Fact 17, 18 and 19, where the trial court found that officials were aware of the practice of disposing of "white goods," that these activities were condoned by express knowledge and by failure to proscribe them, and that without having been given notice to the contrary, Public Works Department employees reasonably relied on the tacit approval of the town in their actions. Based on these findings of fact, the trial court concluded that the Town of Coats was estopped from claiming ownership of the "white goods" which the defendant was accused of selling.

In an entrapment-by-estoppel defense, the burden is on the defendant to offer evidence showing that he reasonably relied on explicit assurances by government officials of the legality of his actions. Officials testified that they were aware that some "white goods" were sold, and that the money was deposited to a common pool. However, no evidence was offered to show that government officials expressly condoned defendant pocketing money from that fund.

Explicit permission is a requirement, established in *Aquino-Chacon*, without which entrapment-by-estoppel cannot be satisfied. Defendant did not offer sufficient evidence to meet this requirement. The trial court therefore erred in concluding that the town is estopped from claiming ownership of the "white goods."

## VI. Conclusion

We hold that the trial court erred in dismissing with prejudice the charges against the defendant.

REVERSED.

Judges ELMORE and ERVIN concur.