IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-134

No. COA21-121

Filed 1 March 2022

Cumberland County, No. 19CRS60913

STATE OF NORTH CAROLINA,

v.

JOSEPH ADAMS HALES, III, Defendant.

Appeal by Defendant from judgment entered 30 July 2020 by Judge James F. Ammons, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 1 December 2021.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Colin Justice, for the State-Appellee.*

*Joseph Adams Hales, III, pro se Defendant-Appellant.*

COLLINS, Judge.

¶ 1    Defendant Joseph Adams Hales appeals from judgment entered upon his conviction of violating N.C. Gen. Stat. § 14-4 for failure to bring his property into compliance with a local ordinance. We discern no error in Defendant's conviction. However, because the trial court imposed a statutorily impermissible sentence upon Defendant, we vacate Defendant's sentence and remand for resentencing.

## I.  Background

Throughout 2017 and 2018, the City of Fayetteville, North Carolina, received multiple complaints concerning Defendant's property, including excessive noise, unauthorized use of a generator, and a domestic disturbance.  In the fall of 2018, the City received an anonymous written complaint that Defendant's property was one of the "worst looking houses" the complainant had "ever seen" and "should be condemned."  Fayetteville City Code Inspector Jeffrey Morin responded to the complaint.  Morin discovered that Defendant's property was littered with various metal items, debris, and construction materials, which posed a danger to others.  Morin took photos of Defendant's property from a public roadway and from a neighboring property with permission of the owner.  The City of Fayetteville issued a citation and mailed several notices to Defendant for violating City of Fayetteville Code of Ordinances, Chapter 22 ("Ordinance") for "failure to keep premises free from public health and safety nuisances."  Fayetteville, N.C., Code of Ordinances, § 22-16(a) (2019).

After failing to correct the issues identified in the citation, Defendant was charged with violating N.C. Gen. Stat. § 14-4 (2019), which states, "[I]f any person shall violate an ordinance of a county, city, town, or metropolitan sewerage district created under Article 5 of Chapter 162A, he shall be guilty of a Class 3 misdemeanor . . . ."  Defendant was issued a criminal summons on 13 September

2019 stating that Defendant's property was in violation of City of Fayetteville Code of Ordinances Section 22-16(a) for "fail[ure] to remove all metal items from the yard" after due notice. Defendant's case came on for trial on 1 October 2019 in Cumberland County Environmental Court. Defendant was convicted of violating N.C. Gen. Stat. § 14-4.

¶ 4        Defendant appealed to superior court. At a hearing on 7 July 2020, Defendant waived his right to counsel and elected to proceed *pro se*. Defendant also waived his right to a jury trial. Defendant filed pre-trial motions to dismiss for selective prosecution and to suppress all evidence. The motions were heard on 30 July 2020, just prior to trial. After hearing argument on the motions, the trial court denied Defendant's motion to dismiss for selective prosecution. The trial court postponed its ruling on the motion to suppress until all evidence had been heard at trial. The case then came on for trial. The State presented evidence, including the testimony of Inspector Morin. Defendant testified on his own behalf. At the close of the evidence, the trial court denied Defendant's motion to suppress.

¶ 5        The trial court found Defendant guilty of violating a local ordinance under N.C. Gen. Stat. § 14-4. The trial court found Defendant had one prior conviction, giving him a prior record level II, and sentenced Defendant to 15 days' confinement. The trial court suspended the sentence, placed him on supervised probation for 18 months, and ordered him to comply with the regular conditions of probation and

several special conditions of probation.  The trial court also imposed a $100.00 fine

plus $372.50 in costs.  The trial court stayed probation and payment of the fine and

costs pending appeal and imposed the following conditions of pretrial release:  post a

$500.00 bond; not violate any criminal law; not violate any city code, ordinance, rule,

or regulation; and allow the city inspectors to inspect Defendant's property upon 48

hours' written notice either delivered to Defendant or posted on his door.

¶ 6        The trial court entered judgment on 30 July 2020.  Defendant timely appealed.

## II.        Discussion

### A. Motion to Dismiss

¶ 7        Defendant argues that the trial court erred by denying his motion to dismiss

for selective prosecution.[1]

¶ 8        A trial court's ruling on a motion to dismiss criminal charges is reviewed de

novo.  *State v. Cole*, 199 N.C. App. 151, 156, 681 S.E.2d 423, 427 (2009).

¶ 9        "To prevail on a selective prosecution challenge, a defendant must first make

a *prima facie* showing that he has been singled out for prosecution while others

similarly situated and committing the same acts have not."  *State v. Rogers*, 68 N.C.

App. 358, 367, 315 S.E.2d 492, 500 (1984) (quotation marks and citation omitted).

"[A]fter doing so, he must demonstrate that the discriminatory selection for

---

[1] This is Defendant's issue III.

prosecution was invidious and done in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *State v. Pope*, 213 N.C. App. 413, 416, 713 S.E.2d 537, 540 (2011) (quotation marks and citation omitted). The defendant carries the burden to allege "that he has been selectively prosecuted . . . [and] must establish discrimination by a clear preponderance of proof." *Id.* at 415-16, 713 S.E.2d at 540 (quotation marks and citation omitted). When selective prosecution is shown, the proper remedy is dismissal. *See State v. Howard*, 78 N.C. App. 262, 266, 337 S.E.2d 598, 601 (1985).

¶ 10 In his motion to dismiss, Defendant alleged that he had "been singled out as a violator of the code . . . by a person with a dubious background acting in Representation of the City of Fayetteville, North Carolina as a 'code enforcer.'" Defendant further alleged that a neighbor "solicited" the code enforcer, Mr. LaMont DeBerry, to target Defendant, who is white, because of Defendant's interracial marriage to his wife, who is black. At the hearing, however, Defendant offered no evidence to support his allegations. Although Defendant introduced evidence at trial, including reports of the complaints to the City about his property, the evidence was not introduced until after the trial court had denied his motion to dismiss at the pretrial hearing.

¶ 11 As Defendant offered no evidence, much less the clear preponderance of evidence required, to show the State targeted or discriminated against Defendant in

prosecuting him, the trial court did not err by denying Defendant's motion to dismiss for selective prosecution.

**B. Motion to Suppress**

Defendant next argues that the trial court erred by denying Defendant's motion to suppress all evidence on the ground that the evidence was obtained in violation of his Fourth Amendment right to be free from warrantless search and seizure, and in violation of his privacy and property rights.[2]

Generally, the standard of review in evaluating a trial court's denial of a motion to suppress is "whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law." *State v. Jackson*, 368 N.C. 75, 78, 772 S.E.2d 847, 849 (2015) (quoting *State v. Otto*, 366 N.C. 134, 136, 726 S.E.2d 824, 827 (2012)). However, when "evaluating a trial court's denial of a motion to suppress when the facts are not disputed and the trial court did not make specific findings of fact either orally or in writing, we infer the findings from the trial court's decision and conduct a de novo assessment of whether those findings support the ultimate legal conclusion reached by the trial court." *State v. Nicholson*, 371 N.C. 284, 288, 813 S.E.2d 840, 843 (2018). Likewise, the standard of review for questions concerning constitutional rights is de novo. *State v. Fernandez*, 256 N.C.

___

[2] These are Defendant's issues IV and VIII.

App. 539, 543, 808 S.E.2d 362, 366 (2017).

¶ 14   There is no reasonable expectation of privacy in private property which can be seen in plain view from lawful, public vantage points. *State v. Grice*, 367 N.C. 753, 756, 767 S.E.2d 312, 315-16 (2015). "The Fourth Amendment protection of the home has never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares." *California v. Ciraolo*, 476 U.S. 207, 213 (1986).

¶ 15   Here, Inspector Morin testified that he viewed and took photos of Defendant's property from a public roadway and from a neighboring property where he had secured permission from the neighbor to be on their property. Uncontroverted evidence at trial showed that Inspector Morin's observations and his taking of photographs occurred in public areas and places in which he had a right to be.

¶ 16   Accordingly, the trial court's inferred factual findings arising from the uncontroverted evidence support the trial court's conclusion of law that Defendant's Fourth Amendment rights were not violated by Inspector Morin's investigation. *See Grice*, 367 N.C. at 756, 767 S.E.2d at 315-16. The trial court did not err by denying Defendant's motion to suppress.

**C. Trial Court's Hearings on Defendant's Motions**

¶ 17   Defendant argues the trial court erred by not holding separate hearings on Defendant's motion to dismiss for selective prosecution and motion to suppress all

evidence, but instead heard arguments on both motions at trial.[3]

¶ 18    "When a motion is made before trial, the court in its discretion may hear the motion before trial, on the date set for arraignment, on the date set for trial before a jury is impaneled, or during trial."  N.C. Gen. Stat. § 15A-952(f) (2019); *see also State v. Skeels*, 346 N.C. 147, 153, 484 S.E.2d 390, 393 (1997) ("Whether to hear and rule on a motion before or during trial is within the discretion of the trial court.") (citing N.C. Gen. Stat. § 15A-952(f)).

¶ 19    Contrary to Defendant's assertion that the trial court heard arguments on both motions at trial, the record reflects that the trial court heard arguments from the parties on both motions immediately preceding the trial.  The trial court denied Defendant's motion to dismiss prior to trial and held in abeyance its ruling on the motion to suppress until the trial court had heard all the evidence.  Defendant has not shown any legal error or abuse of discretion in the trial court's actions, and we discern none.  Defendant's argument lacks merit.

**D. Criminal Summons**

¶ 20    Defendant next argues that the summons delivered to him was defective because it referenced the incorrect statutory subsection.[4]

---

[3] This is Defendant's issue I.
[4] This is Defendant's issue VI.

The criminal summons, signed by a magistrate, charged Defendant with violating N.C. Gen. Stat. § 14-4 and provided the following factual allegations:

> I, the undersigned, find that there is probable cause to believe that on or about the date of the offense shown and in the county named above you unlawfully and willfully did AFTER DUE NOTICE FAIL[] TO REMOVE ALL METAL ITEMS FROM THE YARD LOCATED AT [DEFENDANT'S ADDRESS], FAYETTEVILLE, NC, IN VIOLATION OF CHAPTER 22, SECTION 16(A)(1) OF THE CITY OF FAYETTEVILLE CODE OF ORDINANCES.

Chapter 22, Section 16(a)(1) of the City of Fayetteville Code of Ordinances requires property owners to keep their premises free from breeding grounds for insects and pests,[5] and Section 16(a)(6) requires property owners to keep their premises free from dangerous metal items and appliances.[6] While the factual allegation that Defendant "fail[ed] to remove all metal items" from his yard seems a violation of Section 16(a)(6) as opposed to Section 16(a)(1), "[n]o criminal summons is invalid because of any technicality of pleading if the statement is sufficient to identify

---

[5] Section 22-16(a)(1) provides: "Every person owning or occupying any premises in the city shall keep such premises free from . . . [a]ny condition which constitutes a breeding ground or harbor for rats, mosquitos, harmful insects, or other pests." Fayetteville, N.C., Code of Ordinances, § 22-16(a)(1).

[6] Section 22-16(a)(6) provides: "Every person owning or occupying any premises in the city shall keep such premises free from . . . [a]ny furniture, appliances or other metal products of any kind or nature openly kept which have jagged edges of metal or glass where such furniture, appliances or other metal products poses a source of danger for children through entrapment in areas of confinement that cannot be opened from the inside." *Id.* § 22-16(a)(6).

the crime or infraction." N.C. Gen. Stat. § 15A-303(b) (2019). The summons listed N.C. Gen. Stat. § 14-4 as the statutory basis for the charge against Defendant, thus correctly identifying the crime with which Defendant was charged. *See State v. Coker*, 312 N.C. 432, 434, 323 S.E.2d 343, 346 (1984) ("An indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense."). Furthermore, the summons indicated that the charge was based on Defendant's failure "to remove all metal items from the yard," thus indicating to Defendant the proper city ordinance subsection of which he was in violation. The summons was not defective in that Defendant had sufficient notice of the charge against him.

### E. Sentencing

¶ 23    Defendant argues, and the State concedes, that the trial court erred in applying the sentencing requirements for a Class 3 misdemeanor with one prior conviction.[7]

¶ 24    Defendant was convicted of violating N.C. Gen. Stat. § 14-4 for violating City of Fayetteville Ordinance, Section 22-16(a), and the trial court found Defendant had one prior conviction. Pursuant to N.C. Gen. Stat. § 15A-1340.23, "[u]nless otherwise

---

[7] This is Defendant's issue XI.

provided for a specific offense, the judgment for a person convicted of a Class 3 misdemeanor who has no more than three prior convictions shall consist only of a fine." N.C. Gen. Stat. § 15A-1340.23(d) (2019). An individual convicted of violating a city ordinance pursuant to N.C. Gen. Stat. § 14-4[8] is "guilty of a Class 3 misdemeanor and shall be fined not more than five hundred dollars ($500.00). No fine shall exceed fifty dollars ($50.00) unless the ordinance expressly states that the maximum fine is greater than fifty dollars ($50.00)." N.C. Gen. Stat. § 14-4(a).

Section 22-16 of the City of Fayetteville Code of Ordinances is silent as to the maximum fine for a violation of (a)(1) through (a)(6) of this section. *See* Fayetteville, N.C., Code of Ordinances, § 22-16. While subsection (d) expressly states that an individual who violates "(c)(1) through (c)(8) of this section . . . shall be subject to a civil penalty of $500.00 and shall be responsible for the city's cost of removal of such items,"[9] one must look outside the Code to the city council's approved fee and penalty schedule to determine the maximum fine for a violation of subsection (a) of Section 22-16.

Because "the judgment for a person convicted of a Class 3 misdemeanor who

---

[8]Section 14-4(b) provides an exception to the penalties prescribed by Section 14-4(a) for violations of traffic and parking ordinances, which are considered infractions, and carry a maximum fine of $50.00. N.C. Gen. Stat. § 14-4(b).

[9] Subsection (c) prohibits illegally dumping, leaving, or disposing of certain items upon property within the city limits.

has no more than three prior convictions shall consist only of a fine," N.C. Gen. Stat. § 15A-1340.23(d), the trial court erred by sentencing Defendant to a 15-day term of incarceration and 18 months' probation. Furthermore, because Section 22-16 does not expressly state that the maximum fine for a violation of Section 22-16(a) is greater than $50.00, the maximum fine for Defendant's violation of N.C. Gen. Stat. § 14-4 is $50.00. The trial court thus erred by imposing a $100.00 fine. Accordingly, we vacate Defendant's sentence and remand to the trial court for resentencing.

Defendant also argues that the trial court erred by imposing upon him conditions of pretrial release pending appeal.[10]

"A defendant whose guilt has been established in the superior court . . . [who] has filed an appeal from the judgment entered may be ordered released upon conditions in accordance with the provisions of this Article." N.C. Gen. Stat. § 15A-536(a) (2019). "If release is ordered, the judge must impose the conditions set out in [N.C. Gen. Stat. §] 15A-534(a) which will reasonably assure the presence of the defendant when required and provide adequate protection to persons and the community." N.C. Gen. Stat. § 15A-536(b). N.C. Gen. Stat. § 15A-534(a) authorizes a judicial official to "[r]elease the defendant upon his execution of an unsecured appearance bond in an amount specified by the judicial official" and to "place

---

[10] This is Defendant's issue XII.

restrictions on the travel, associations, conduct, or place of abode of the defendant as conditions of pretrial release." N.C. Gen. Stat. § 15A-534(a) (2019). N.C. Gen. Stat. § 15A-536 applies to a defendant who is not in custody and whose probation has been stayed pending appeal. *State v. Howell*, 166 N.C. App. 751, 753-54, 603 S.E.2d 901, 903-04 (2004).

Accordingly, the trial court did not err by imposing the following conditions of pretrial release upon Defendant, pending the disposition of his appeal: post a $500.00 secured bond; not violate any criminal law; not violate any city code, ordinance, rule, or regulation; and allow the city inspectors to inspect Defendant's property upon 48 hours' written notice either delivered to Defendant or posted on his door.

**F. Ineffective Assistance of Counsel**

Throughout his brief, Defendant argues ineffective assistance of counsel for his own deficient and inadequate performance as counsel.[11] But "[i]f a defendant chooses to proceed pro se, he cannot on appeal claim ineffective assistance of counsel." *State v. Thomas*, 331 N.C. 671, 677, 417 S.E.2d 473, 477 (1992). As Defendant waived his right to counsel at trial and chose to proceed pro se, Defendant's ineffective assistance of counsel arguments are without merit.

---

[11] These are Defendant's issues I, II, X, and XIII.

## G. Right Against Self-Incrimination

¶ 31   Defendant argues that the trial court gave him contradictory rules regarding his right against self-incrimination.[12]  Defendant contends that the trial court told him both that he cannot be made to testify against himself and that by choosing to take the stand, he loses his right against self-incrimination.

¶ 32   The trial court stated:

> You have the absolute right to testify.  Nobody can stop you from testifying.  You have the absolute right to not testify and nobody can make you testify.  You cannot be compelled to be a witness against yourself.  If you choose to testify, you will be placed under oath and must answer all the questions truthfully, including the questions asked by the Court and the questions asked by the state.  You will have given up your right [against] self-incrimination by taking the witness stand.

¶ 33   This is a correct statement of the law.  *See Harrison v. United States*, 392 U.S. 219, 222 (1968) ("A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives[.]"); *Kansas v. Cheever*, 571 U.S. 87, 88 (2013) ("[W]hen a defendant chooses to testify in a criminal case, the Fifth Amendment does not allow him to refuse to answer related questions on cross-examination.").  The trial court, therefore, did not err when it gave this instruction.

---

[12] This is Defendant's issue IV.

**H. Abandoned Arguments**

¶ 34        Defendant has failed to make arguments or cite authorities sufficient for this Court to understand and address the remaining issues presented in his brief. [13] These issues are deemed abandoned and we do not address them. *See* N.C. R. App. P. 28(b)(6) (An appellant's brief must contain "[a]n argument, to contain the contentions of the appellant with respect to each issue presented. Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

## III.    Conclusion

¶ 35        We discern no error in Defendant's conviction for violating N.C. Gen. Stat. § 14-4. However, because the maximum punishment for this conviction is a $50.00 fine, the trial court erred by sentencing Defendant to suspended confinement and probation, and imposing a $100.00 fine. We vacate Defendant's sentence and remand for resentencing consistent with this opinion.

NO ERROR IN PART; VACATED AND REMANDED IN PART.

Judges DILLON and ZACHARY concur.

---

[13] These are Defendant's issues II, V, VII, IX, X, and XIII.